NOT DESIGNATED FOR PUBLICATION

No. 115,600

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY WESLEY MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed December 2, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before POWELL, P.J., PIERRON and HILL, JJ.

*Per Curiam*: Timothy Miller appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. We granted Miller's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State agrees summary disposition of Miller's appeal is appropriate.

Miller pled guilty to one count of aggravated battery and his third offense for driving under the influence—both felonies. At the time Miller committed these crimes he

1

was on probation for two separate cases—one in Johnson County and the other in Shawnee County. He was also on bond in another case in Shawnee County.

The district court sentenced Miller to 16 months in prison and 12 months in the county jail to be served consecutive to his prison term, with 12 months' postrelease supervision, which was all suspended and Miller was placed on 18 months' probation. The court stated it was giving Miller an opportunity but that "this [was] the last straw." In October 2014, Miller and the State agreed to extend Miller's probation to give him additional time to pay off the fines and costs in the case.

Over a year later, the district court held another probation revocation hearing in November 2015. At this hearing, Miller stipulated to violating his probation. Miller admitted that he failed to participate in outpatient treatment, failed to pay fines and costs, failed to submit to urine analyses, submitted a positive urine analysis, and failed to refrain from consuming alcohol. The court revoked Miller's probation and ordered him to serve his prison sentence. The court found that Miller had been given "every reasonable opportunity" and he was now "a risk to the community." Miller timely appeals.

To us, Miller argues the district court abused its discretion by revoking his probation. Once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Miller bears the burden of showing such abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Here, Miller was told at sentencing this was his last opportunity. Given opportunities in both residential and outpatient treatment programs, Miller participated in

2

all of the programs available to him to assist with his rehabilitation. His probation was extended so he could continue paying the fines and costs associated with his case; however, in the year between the extension and revocation of his probation he only made one payment.

It appears to us that Miller was given great leniency when he was originally granted probation in this case. Miller committed these offenses while he was on felony probation in another case; therefore, the district court could have imposed a term of imprisonment without granting probation. Additionally, Miller was on probation for a third offense of driving under the influence, yet he continued to consume alcohol while on probation and failed to participate in his rehabilitation program.

Finally, K.S.A. 2015 Supp. 22-3716(c)(9) allows a district court to order a probationer to serve the remainder of his or her underlying sentence, without ordering an intermediate sanction, when the "safety of members of the public will be jeopardized." The district court found that Miller was a risk to the community because of his continued issues with alcohol. Given these circumstances, there are no errors of fact or law present in the district court's decision. Nor is the court's decision arbitrary, fanciful, or unreasonable.

The district court did not abuse its discretion by revoking Miller's probation and ordering him to serve his original sentence.

Affirmed.